In re BAUER AGENCY, INC., Debtor.

Tamara Ogier, as Trustee for Bauer Agency, Inc., Plaintiff,

v.

UPAC Insurance Financial, Defendant.

Bankruptcy No. 05–79144–pwb.
Adversary No. 07–6641–PWB.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Jan. 6, 2011.

Todd E. Hennings, William A. Rountree, Macey, Wilensky, Kessler, & Hennings LLC, Atlanta, GA, for Plaintiff.

James W. Martin, Moskowitz & Martin, LLP, Atlanta, GA, Keith J. Shuttleworth, Shuttleworth Law Firm, LLC, Overland Park, KS, for Defendant.

## *ORDER*

PAUL W. BONAPFEL, Bankruptcy Judge.

The Chapter 7 Trustee in this adversary proceeding alleges that the debtor, Bauer Agency, Inc. (the "Debtor"), operated its insurance agency as a "Ponzi" scheme. The complaint alleges that the Debtor obtained financing based on fictitious insurance policies, acquiring funds from persons or entities for the purposes of obtaining insurance without procuring policies. The Debtor perpetuated the fraudulent scheme, the complaint continues, by obtaining new funds to service prior obligations on fraudulent transactions and paying off creditors as they discovered the nature of its activities. (Complaint [1] ¶ 7).

The complaint alleges that UPAC Insurance Financial ("UPAC")[1] received one or more transfers of $18,705.35 prior to the filing of the involuntary chapter 7 petition initiating this case on October 3, 2005,[2] that are avoidable on one of three alternative grounds and seeks to recover the amount of the transfers under 11 U.S.C. § 550. The grounds for avoidance of the transfers are that they are preferences made within 90 days prior to the filing of

---

1. The complaint identifies the defendant as "UPAC Insurance Financial." The answer asserts that the correct name of the defendant is "Universal Premium Acceptance Corporation." (Answer [5] at 1). The Court refers to the defendant as "UPAC," without addressing this discrepancy that the parties have not otherwise raised.

2. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. 109–8, 110 Stat. 23, generally became effective with regard to cases filed on or after October 18, 2005. Thus, the amendments BAPCPA made to sections 547 and 548 of the Bankruptcy Code are not applicable in this proceeding.

the petition that are avoidable under 11 U.S.C. § 547 (Count I); that they are actually or constructively fraudulent transfers made within one year of the filing of the petition that are avoidable under 11 U.S.C. § 548 (Count II); and that they are fraudulent transfers under O.C.G.A. § 18–2–70 *et seq.* made within four years of the filing of the petition that are avoidable under 11 U.S.C. § 544.[3]

The complaint also states the intent of the Trustee to recover additional transfers made within the time periods prior to the filing that the avoidance statutes cover (90 days prior in the case of § 547 preferences, one year in the case of § 548 fraudulent conveyances, and four years in the case of state law fraudulent conveyances). (Complaint [1] ¶¶ 12, 23, 35). In this regard, paragraph 49 of the complaint states, "The Trustee reserves the right to amend this Complaint pursuant to a requested accounting as well as other discovery should facts be discovered to justify the assertion of additional claims, including but not limited to any and all claims arising under Title 11, U.S.C. or applicable state law."

The order for relief against the Debtor on the involuntary petition was entered on November 2, 2005. The Trustee filed the complaint on November 1, 2007, immediately prior to expiration of the two-year limitation that 11 U.S.C. § 547(a)(1)(A) prescribes for the Trustee's commencement of an action to avoid transfers under 11 U.S.C. §§ 547, 548, and 544.

UPAC timely answered the complaint on January 22, 2008.[5]. UPAC admitted the complaint's allegations relating to jurisdiction, venue, and service of process; the filing of the bankruptcy case, entry of the order for relief, and appointment of the Trustee; the receipt of payments of $18,705.35 within the 90 days prior to the filing of the petition; and the Trustee's demand for repayment of the transfers. (Answer [5] ¶¶ 1–6, 8, 10, 12, 19). UPAC denied the other material allegations of the complaint, expressly denying the Trustee's reservation of rights to amend the complaint. (Answer [5] ¶ 49).

The matter came before the Court for a hearing on July 20, 2010, on motions of the Trustee to compel discovery. [22, 23, 24]. At the hearing, the Court also took up the Trustee's motion for partial summary judgment. [19].

The Trustee's summary judgment motion asserted that the fraudulent transfers made to UPAC pursuant to the fraudulent scheme described in the complaint total $1,040,231.85, far more than the $18,705.35 the complaint identified as a specific amount of avoidable transfers.[4] The Trustee's discovery motions sought to compel the defendant to produce documents and witnesses with regard to, among other things, the transfers that the Debtor made to UPAC.

UPAC opposed the motion for partial summary judgment and the discovery motions on the ground, among others, that the Trustee cannot seek to recover $1,040,231.85 in fraudulent transfers when the complaint seeks recovery of only $18,705.35. [27 (at 13–14), 28, 29]. UPAC

---

3. Count IV of the complaint seeks subordination of the transfers under 11 U.S.C. § 510(c) to the extent that the transfers were made with the defendant's actual or constructive knowledge of the nature of the Debtor's business activities. Complaint ¶ 48.

4. An itemization of the transfers is attached to the affidavit of the Trustee's forensic accountant, Spence Shumway, submitted as Exhibit "B" in support of the Trustee's motion for partial summary judgment. [20, part 3, at 11].

insisted that the Trustee must amend her complaint to seek the additional amounts. This is a matter of some import, because the Trustee cannot amend the complaint to bring claims for which the limitation period of 11 U.S.C. § 546(a)(1) has expired unless the amendment relates back under Fed.R.Civ.P. 15(c).

At the July 20 hearing, the Court determined that it was appropriate to deny all motions, without prejudice, pending determination of the amount at issue in this proceeding. The Court entered orders in accordance with its ruling and directed the Trustee to file a motion to determine the amount at issue. [30, 31, 32].

Rather than file a motion to amend the complaint, the Trustee filed a "Motion to Determine Sufficiency of Claim" (the "Motion"). [36, 38]. The Trustee asserts that the original complaint sufficiently alleges claims for the recovery of $1,040,231.85. Alternatively, the Trustee argues that, if amendment of the complaint is necessary, the amendment will relate back under Fed. R.Civ.P. 15(c)(1)(B) because it would assert "a claim that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

In the Motion, the Trustee explains that the circumstances of the case precluded the Trustee and her professionals from having the information necessary to determine the total amount of transfers UPAC received. (Trustee's Motion [36] ¶¶ 5–11).[5] Specifically, the Trustee notes that, at the time of her selection as Trustee, the books and records of the Debtor were either missing or in the possession of the Georgia Bureau of Investigation in connection with a criminal case against the Debtor's princi-

pal. (*Id.* ¶ 3). Further, the Motion explains, the Trustee diligently attempted to obtain information from UPAC to quantify the amount of the transfers through negotiations and then formal discovery, but UPAC deliberately withheld information that would permit her to do so, despite the fact that the information was readily available to UPAC. (*Id.* ¶¶ 5–8). Using other sources, the Trustee's forensic accountant was ultimately able to identify the amounts and dates of transfers to UPAC that occurred, the Trustee contends, after UPAC learned of the Debtor's fraudulent scheme. (*Id.* ¶ 9 & n. 1).

UPAC sidesteps the Trustee's assertions concerning the Trustee's access to information and its conduct during the course of this proceeding on the ground that they are not relevant to the issues currently before the Court. (UPAC Response [37] at 2). As UPAC phrases it, the issue before the Court is whether "the civil rules, case law and principals [sic] of justice and fair play require that the Trustee first be obligated to seek leave to file an Amended Complaint before increasing the claimed damages more that five thousand (5,000 %) per cent." (*Id.* at 3).

UPAC's position is that the Trustee's recovery is limited to the amount specified in the complaint, $18,705.35, unless and until the Trustee amends her complaint to seek a larger amount. Despite the clear import of the Court's directions at the hearing and in its orders that the parties address the question of how much the Trustee can recover in this proceeding, UPAC proposes to defer consideration of whether an amendment to the complaint to increase the amount the Trustee seeks to recover will relate back under Fed. R.Civ.P. 15(c), *applicable under* Fed. R.

---

**5.** The Trustee also sets forth these circumstances in her discovery motions. [22, 23, 24].

Bankr.P. 7015, until the Trustee has filed a motion to amend. (UPAC's Response [37] at 2).

UPAC in substance argues that the complaint fails to state a claim on which relief can be granted under Fed.R.Civ.P. 12(b)(6), *applicable under* Fed. R. Bankr.P. 7012, to the extent it seeks recovery of more than $18,705.35 because it fails to meet the heightened pleading standards the Supreme Court announced in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Indeed, UPAC complains, more generally, that the complaint must be amended because it does not sufficiently allege facts to support the *complaint's constructive or actual* fraud claims. Specifically, UPAC notes that the complaint does not allege the dates or amounts regarding the transfers the Trustee seeks to recover (UPAC's Response [37] at 6) and that it does not contain particularized allegations of fraud as Rule 9(b) requires. (*Id.* at 7).

■ The Court need not address the merits of UPAC's arguments. A defense of failure to state a claim on which relief can be granted under Rule 12(b)(6) must be asserted in the answer or a motion made before the filing of the answer. Rule 12(e) requires that a motion for a more definite statement "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." UPAC's answer does not seek dismissal of the complaint for failure to state a claim on which relief can be granted, and it did not file either a motion to dismiss or a motion for a more definite statement prior to the filing of its answer.

■ The complaint expressly states that the Trustee intends to avoid all transfers that UPAC received during the relevant time periods under each of the avoidance provisions that the complaint invokes. It asserts the existence of a fraudulent scheme that gives rise to claims of constructive and fraudulent transfers. The complaint thus sufficiently put UPAC on notice that the Trustee intended to recover all transfers that the Debtor made to UPAC in connection with the fraudulent scheme. Amendment of the complaint is not necessary for the Trustee to proceed in this case on her claims for recovery of $1,040,231.85 in transfers that she has discovered and that UPAC must have known would become the subject of this proceeding if it had provided information the Trustee requested.

■ Alternatively, even if pleading standards require amendment of the complaint, any required amendment to increase the specified amount of avoidable transfers and to specify their dates and amounts would relate back under Rule 15(c)(1)(B). Such an amendment would clearly assert a claim arising out of the conduct, transactions, and occurrences set out in the original complaint.

The Court is satisfied that its conclusions are consistent with, and indeed required by, the Federal Rules of Bankruptcy Procedure, case law, and principles of justice and fair play. The heightened pleading standards that the Supreme Court announced do not turn an adversary proceeding in a bankruptcy case into a game. The Court's duty is to apply the Federal Rules of Bankruptcy Procedure, and the Federal Rules of Civil Procedure that they incorporate, to "secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr.P. 1001; *accord,* Fed.R.Civ.P. 1. Requiring UPAC to defend claims that it

knew about accomplishes that mandate.[6]

Although the Court concludes that amendment of the complaint is not necessary for the Trustee to pursue avoidance and recovery of the transfers she has identified, the Court will direct that the Trustee file and serve, as set forth below, a specification of the dates and amounts of the transfers that she seeks to avoid and recover.

In order to facilitate further proceedings in this matter, the Court will direct the parties to conduct a planning and discovery conference in accordance with Fed.R.Civ.P. 26(f), *applicable under* Fed. R. Bankr.P. 7026, and to present a proposed scheduling order as contemplated by Fed.R.Civ.P. 16(b), *applicable under* Fed. R. Bankr.P., as set forth below.

Based on, and in accordance with, the foregoing, it is hereby **ORDERED and ADJUDGED** as follows:

1. The Trustee's complaint in this proceeding is sufficient to permit the Trustee to prosecute claims for the avoidance and recovery of transfers made by the Debtor to UPAC in the amount of $1,040,231.85 on the grounds set forth in the complaint.

2. Within 14 days from the date of entry of this Order, the Trustee shall file and serve a specification of the dates and amounts of the transfers that she seeks to avoid and recover.

3. Within 21 days from the date of entry of this Order, or within such longer period as counsel for the parties may agree, the parties shall conduct a conference in accordance with Fed.R.Civ.P. 26(f). Within 30 days from the entry of this Order, or such longer period as the Court may approve, the parties shall file with the Court a proposed discovery plan in accordance with Rule 26(f)(3) and a proposed scheduling order that covers matters set forth in Rule 16(b)(3). If the parties cannot agree on a proposed scheduling order, each party shall submit a proposed scheduling order, and the Court will promptly schedule a scheduling conference to consider scheduling matters.

**IT IS ORDERED.**

---

**6.** Of course, the Court's observations do not constitute a comment on the merits of the Trustee's claims.